UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRO SE SERVICES, et al., | Case No. 3:13-cv-00244-MMD-VPC |
| Appellants, | |
| v. | ORDER |
| A&A AUTO WRECKING, LLC, | (Appellant's Renewed Emergency Motion for Stay Pending Appeal – dkt. no. 21) |
| Appellee. | |

## I. SUMMARY

Before the Court is Appellants Pro Se Services, Inc., Steve Espinoza, and Maria Espinoza's (collectively "Pro Se") Renewed Emergency Motion for Stay Pending Appeal (dkt. no. 21). Based on the reasoning set forth below, the Motion is denied.

## II. BACKGROUND

Pro Se appeals from the Bankruptcy Court's Order Authorizing Debtor to Sell Personal Property Free and Clear of Liens and Encumbrances. *In re A&A Auto Wrecking, LLC*, No. 12-50686-btb (Bankr. D. Nev. Apr. 23, 2013), ECF No. 295. The Notice of Appeal was filed on May 7, 2013, and the case brought before this Court on May 8, 2013. *In re A&A Auto Wrecking, LLC*, ECF No. 299; (*see* dkt. no. 1). On May 20, and subsequent to the Notice's filing, Pro Se filed in the Bankruptcy Court its Motion for Stay Pending Appeal seeking to stay the transfer of a disputed truck that was ordered sold by the Bankruptcy Court's order. *In re A&A Auto Wrecking, LLC*, ECF No. 309. A day later, Pro Se brought an Emergency Motion before this Court seeking the same

relief it asked for in its Motion for Stay. (*See* dkt. no. 5). On May 23, 2013, Pro Se filed a Notice of Hearing informing Appellee A&A Auto Wrecking, LLC that the hearing on the Motion for Stay before the Bankruptcy Court is scheduled for June 26, 2013. *In re A&A Auto Wrecking, LLC*, ECF No. 319. This Court denied the Emergency Motion, stating that Pro Se had failed to provide any reason not to let the Bankruptcy Court hear and decide the Motion for Stay. (*See* dkt. no 12). On June 26, 2013,[1] the Bankruptcy Court denied Pro Se's Motion for Stay. *In re A&A Auto Wrecking, LLC*, ECF Nos. 358, 359. The same day, Pro Se brought the instant Renewed Emergency Motion before this court. (Dkt. no 21).

## III.   LEGAL STANDARD

A stay pending appeal is not granted as a matter of right, even if irreparable injury may otherwise result. It is instead a matter of judicial discretion. *Nken v. Holder*, 556 U.S. 418, 434 (2009). A court must consider four factors in evaluating whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. "The first two factors of the traditional standard are the most critical." *Id.* "Regarding the first factor, *Nken* held that it is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'" *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434). The Ninth Circuit requires that, in order to satisfy the first factor, "'at a minimum,' a petitioner must show that there is a 'substantial case for relief on the merits.'" *Id.* (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam)).

---

[1] Pro Se incorrectly states in its Renewed Emergency Motion that the Bankruptcy Court denied Pro Se's motion on July 26, 2013. (*See* dkt. 21 at 2). Indeed, Pro Se later incorrectly states that the Bankruptcy Court has not yet ruled. (See dkt. no 21 at 5). The parties are directed to ensure future filings with this Court are accurate.

## IV. DISCUSSION

Pro Se fails to demonstrate that it is likely to succeed on the merits. In its Renewed Emergency Motion, Pro Se simply points the Court to previous documents filed before the Bankruptcy Court, which it attached as exhibits to its previous Emergency Motion. (*See* dkt. no 21 at 6). Such practice is inappropriate. For the same reason that an appellant files an opening brief before the District Court summarizing its position on appeal (rather than merely pointing to previous arguments made in filings before the bankruptcy judge), so too must that appellant articulate a basis for preliminary relief in its motion seeking a stay. It is Pro Se's burden, not the Court's, to distill its argument on the merits in support of its Motion. Having failed to do so here, the Court cannot rule that Pro Se's argument on appeal is colorable or is likely to succeed.

Therefore, because Pro Se has failed to satisfy the first prong of the *Nken* test, the Court will not consider the other three factors.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Appellant's Emergency Motion for Stay Pending Appeal (dkt. no. 21) is DENIED.

DATED THIS 5th day of July 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE