UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRO SE SERVICES, et al.,<br><br>　　　　　　　　　Appellants,<br>v.<br><br>A&A AUTO WRECKING, LLC,<br><br>　　　　　　　　　Appellee. | Case No. 3:13-cv-00244-MMD-VPC<br><br>ORDER<br><br>(Appellee's Motion to Dismiss Appeal – dkt. no. 40) |

I.　**SUMMARY**

Before the Court is Appellee A&A Auto Wrecking, LLC's ("A&A") Motion to Dismiss Appeal. (Dkt. no. 40.) Based on the reasoning set forth below, the Motion is granted.

II.　**BACKGROUND**

Pro Se appeals from the Bankruptcy Court's Order Authorizing Debtor to Sell Personal Property Free and Clear of Liens and Encumbrances. *In re A&A Auto Wrecking, LLC*, No. 12-50686-btb (Bankr. D. Nev. Apr. 23, 2013), ECF No. 295. The Notice of Appeal was filed on May 7, 2013, and the case brought before this Court on May 8, 2013. *In re A&A Auto Wrecking, LLC*, ECF No. 299; (*see* dkt. no. 1).

On May 20, 2013, and subsequent to the Notice's filing, Pro Se filed in the Bankruptcy Court its Motion for Stay Pending Appeal seeking to stay the transfer of a disputed truck that was ordered sold by the Bankruptcy Court's order. *In re A&A Auto Wrecking, LLC*, ECF No. 309. A day later, Pro Se brought an Emergency Motion before this Court seeking the same relief it asked for in its Motion for Stay. (*See* dkt. no. 5.) On

May 23, 2013, Pro Se filed a Notice of Hearing informing A&A that the hearing on the Motion for Stay before the Bankruptcy Court was scheduled for June 26, 2013. *In re A&A Auto Wrecking, LLC*, ECF No. 319. This Court denied the Emergency Motion, stating that Pro Se had failed to provide any reason not to let the Bankruptcy Court hear and decide the Motion for Stay. (*See* dkt. no 12.) On June 26, 2013, the Bankruptcy Court denied Pro Se's Motion for Stay. *In re A&A Auto Wrecking, LLC*, ECF Nos. 358, 359. The same day, Pro Se brought a Renewed Emergency Motion before this Court. (Dkt. no 21.) On July 5, 2013, the Court denied the Renewed Motion as Pro Se failed to demonstrate that it is likely to succeed on the merits. (Dkt. no. 29.)

The title to the roll-off truck was formally transferred, per the Bankruptcy Court's order, on June 28, 2013, and all other property had been transferred on May 13, 2013. (*See* dkt. no. 40 at 3.) The purchaser of the roll-off truck was B.V. Nevada Corp. (*See id.*) In the instant motion, A&A seeks to dismiss Pro Se's appeal on the grounds that it is moot following the sale of disputed property.

### III. LEGAL STANDARD

When a sale of assets is made under 11 U.S.C. § 363(b) and (c) to a good faith purchaser, it is protected by the Safe Harbor Provision and may not be modified or set aside unless the sale was stayed pending appeal. *See* 11 U.S.C. § 363(m) (1994) ("The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.") "Finality in bankruptcy has become the dominant rationale for our decisions; the trend is towards an absolute rule that requires appellants to obtain a stay before appealing a sale of assets." *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir.1988). "Whether a[] [Bankruptcy] order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to

1 | obtain a stay moots the appeal." *Id.* at 1171 (*citing Algeran, Inc. v. Advance Ross Corp.*,
2 | 759 F.2d 1421, 1423 (9th Cir. 1985)).

## IV.   DISCUSSION

The Bankruptcy Court's Order authorized the sale of the roll-off truck under 11 U.S.C. § 363(b). (*See* dkt. no. 1-3 at 2.) The Court therefore agrees with A&A that, on its face, § 363(m) applies to the sale. Pro Se argues, however, that § 363(m) does not apply because there was an underlying state law dispute over the rights to the property prior to its sale. (*See* dkt. no. 41 at 2–3.) Pro Se's primary citation in support of its argument is *Darby v. Zimmerman* (*In re Popp*), 323 B.R. 260 (BAP 9th Cir. 2005). While the Court in *In re Popp* reviewed and reversed the Bankruptcy Court's sale order following the completion of the sale of the property at issue in that case, it based that decision on the fact that the Bankruptcy Court had failed to make a determination about the owner of the property in question before selling it. (*See id.* at 270.) In this case, the Bankruptcy Court held a three-day evidentiary hearing and determined that the debtor was the owner of the assets at issue. (*See* dkt. no. 42 at 3.) Indeed, Pro Se acknowledges in its brief that the Bankruptcy Court made the determination that it was not the owner of the roll-off truck. (*See* dkt. no. 41 at 3.) As a result, the holding of *In re Popp* does not apply to the facts of this case and Pro Se does not cite, nor is the Court aware of, a case that stands for the proposition that a party's objection to the Bankruptcy Court's determination of property ownership negates the application of the Safe Harbor Provision. Indeed, such a proposition is counter to the dominant rationale of finality in such cases. (*See In re Onouli-Kona Land Co.*, 846 F.2d at 1172.)

Pro Se additionally argues that § 363(m) does not apply because Debtor has not demonstrated that the buyer was a good faith purchaser. Specifically, Pro Se asserts that because the buyer had to have known that there was an ownership dispute over the property in question, the buyer could not have acted in good faith. (*See* dkt. no. 41 at 5–6.) The Bankruptcy Court held that § 363(m) applied to the sale and specifically found that there was no evidence that the purchaser acted in bad faith. (*See* dkt. no. 42 at 4-5.)

3

Pro Se provides no facts in support of its assertion that the buyer in fact knew about the ownership dispute, and cites no case that holds knowledge of a dispute precludes a buyer from acting in good faith. The Court, therefore, agrees with the Bankruptcy Court that there is no evidence that the buyer acted in bad faith.

Finally, Pro Se argues that the Court can craft a remedy even if the property's sale cannot be undone. Whether the Court can fashion effective relief is immaterial in this case. "[F]or [sale of assets] cases in which a court is able to fashion relief, the exception has operated in only one situation: 'where real property is sold to a creditor who is a party to the appeal.'" *In re Onouli-Kona*, 846 F.2d at 1172 (*quoting Sun Valley Ranches, Inc. v. Equitable Life Assurance Soc'y of the United States (In re Sun Valley Ranches, Inc.)*, 823 F.2d 1373, 1375 (9th Cir.1987)). In this case, the purchaser of the property was not a creditor who was party to the appeal and thus the Court's ability to fashion relief is irrelevant.

The Court therefore finds that the sale of the roll-off truck, challenged in Pro Se's appeal, is protected by the Safe Harbor Provision, rendering Pro Se's appeal moot.

## V. CONCLUSION

It is hereby ordered that Appellee's Motion to Dismiss Appeal (dkt. no. 40) is granted.

The Clerk is directed to serve a copy of this Order on the Bankruptcy Court within seven (7) days and such service constitutes this Court's mandate. The Clerk of the Court is further instructed to close this case.

DATED THIS 28th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE